CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ALEXANDER FRANCISCO BUENO,
*individually and on behalf of others similarly situated,*

                        *Plaintiff*,

                -against-

CITY GIRL FASHION INC. (D/B/A LINENS
R US), LINEN DISCOUNT PLUS CORP.
(D/B/A LINENS R US), ISAAC ALKADAA,
and HAISAM ABADI,

                        *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Alexander Francisco Bueno ("Plaintiff Bueno" or "Mr. Bueno"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against City Girl Fashion Inc. (d/b/a Linens R Us), Linen Discount Plus Corp. (d/b/a Linens R Us), ("Defendant Corporations"), Isaac Alkadaa and Haisam Abadi, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

      1.    Plaintiff Bueno is a former employee of Defendants City Girl Fashion Inc. (d/b/a Linens R Us), Linen Discount Plus Corp. (d/b/a Linens R Us), Isaac Alkadaa, and Haisam Abadi.

- 2 -

2. Defendants own, operate, or control a clothing store, located at 1389 St. Nicholas Ave, New York, NY 10033 under the name "Linens R Us" and at 1445 St. Nicholas Ave, New York, NY 10033 under the name "Linens R Us".

3. Upon information and belief, individual Defendants Isaac Alkadaa and Haisam Abadi, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the clothing stores as a joint or unified enterprise.

4. Plaintiff Bueno was employed as a general assistant at the clothing stores located at 1389 St. Nicholas Ave, New York, NY 10033 and 1445 St. Nicholas Ave, New York, NY 10033.

5. At all times relevant to this Complaint, Plaintiff Bueno worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Bueno appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Bueno the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Bueno to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bueno and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Bueno now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Bueno seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Bueno's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a clothing store located in this district. Further, Plaintiff Bueno was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Alexander Francisco Bueno ("Plaintiff Bueno" or "Mr. Bueno") is an adult individual residing in Bronx County, New York.

15. Plaintiff Bueno was employed by Defendants at Linens R Us from approximately May 16, 2019 until on or about December 21, 2021.

16. Plaintiff Bueno consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control a clothing store, located at 1389 St. Nicholas Ave, New York, NY 10033 under the name "Linens R Us" and at 1445 St. Nicholas Ave, New York, NY 10033 under the name "Linens R Us".

18. Upon information and belief, City Girl Fashion Inc. (d/b/a Linens R Us) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1389 St. Nicholas Ave, New York, NY 10033.

19. Upon information and belief, Linen Discount Plus Corp. (d/b/a Linens R Us) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1445 St. Nicholas Ave, New York, NY 10033.

20. Defendant Isaac Alkadaa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Isaac Alkadaa is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Isaac Alkadaa possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bueno, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Haisam Abadi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Haisam Abadi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Haisam Abadi possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bueno, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a clothing store located in the Upper West section of Manhattan.

23. Individual Defendants, Isaac Alkadaa and Haisam Abadi, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Bueno's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Bueno, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Bueno (and all similarly situated employees) and are Plaintiff Bueno's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Bueno and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Isaac Alkadaa and Haisam Abadi operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

 a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

 b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

 c) transferring assets and debts freely as between all Defendants,

 d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

 e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations,

 f) intermingling assets and debts of their own with Defendant Corporations,

 g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

 h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Bueno's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Bueno, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Bueno's services.

30. In each year from 2019 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the clothing stores on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Bueno is a former employee of Defendants who was employed as a general assistant.

33. Plaintiff Bueno seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alexander Francisco Bueno*

34. Plaintiff Bueno was employed by Defendants from approximately May 16, 2019, until on or about December 21, 2021.

35. Defendants employed Plaintiff Bueno as a general assistant.

36. Plaintiff Bueno regularly handled goods in interstate commerce, such as clothing store and other supplies produced outside the State of New York.

37. Plaintiff Bueno's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Bueno regularly worked in excess of 40 hours per week.

39. From approximately May 16, 2019 until on or about June 15, 2021, Plaintiff Bueno worked at the 1445 St. Nicholas location from approximately 9:30 a.m. until on or about 8:00 p.m., 7 days a week (typically 73.5 hours per week).

40. From approximately June 16, 2021 until on or about December 21, 2021, Plaintiff Bueno worked at the 1389 St. Nicholas location from approximately 9:30 a.m. until on or about 8:00 p.m., 7 days a week (typically 73.5 hours per week).

41. Throughout his employment, Defendants paid Plaintiff Bueno his wages in cash.

42. From approximately May 16, 2019 until on or about April 2020, Defendants paid Plaintiff Bueno a fixed salary of $525 per week.

43. From approximately May 2020 until on or about March 2021, Defendants paid Plaintiff Bueno a fixed salary of $600 per week.

44. From approximately April 2021 until on or about December 21, 2021, Defendants paid Plaintiff Bueno a fixed salary of $650 per week.

45. Defendants never granted Plaintiff Bueno any breaks or meal periods of any kind.

46. Plaintiff Bueno was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bueno regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Bueno an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Bueno, in English and in Spanish (Plaintiff Bueno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bueno (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

51. Plaintiff Bueno was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants' pay practices resulted in Plaintiff Bueno not receiving payment for all his hours worked, and resulted in Plaintiff Bueno's effective rate of pay falling below the required minimum wage rate.

53. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

54. Defendants paid Plaintiff Bueno his wages in cash.

55. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Bueno (and similarly situated individuals) worked, and to avoid paying Plaintiff Bueno properly for his full hours worked.

57. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Bueno and other similarly situated former workers.

59. Defendants failed to provide Plaintiff Francisco and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants failed to provide Plaintiff Bueno and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Bueno brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62.     At all relevant times, Plaintiff Bueno and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

63.     The claims of Plaintiff Bueno stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64.     Plaintiff Bueno repeats and realleges all paragraphs above as though fully set forth herein.

65.     At all times relevant to this action, Defendants were Plaintiff Bueno's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Bueno (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Bueno (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Bueno (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Bueno (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71. Plaintiff Bueno repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Bueno (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73. Defendants' failure to pay Plaintiff Bueno (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Bueno (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

75.     Plaintiff Bueno repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Bueno's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Bueno, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Bueno less than the minimum wage.

78.     Defendants' failure to pay Plaintiff Bueno the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79.     Plaintiff Bueno was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

80.     Plaintiff Bueno repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Bueno  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82. Defendants' failure to pay Plaintiff Bueno overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiff Bueno was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

84. Plaintiff Bueno repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to pay Plaintiff Bueno one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Bueno's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

86. Defendants' failure to pay Plaintiff Bueno an additional hour's pay for each day Plaintiff Bueno's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

87. Plaintiff Bueno was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

88. Plaintiff Bueno repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiff Bueno with a written notice, in English and in Spanish (Plaintiff Bueno's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90. Defendants are liable to Plaintiff Bueno in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

91. Plaintiff Bueno repeats and realleges all paragraphs above as though fully set forth herein.

92. With each payment of wages, Defendants failed to provide Plaintiff Bueno with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93. Defendants are liable to Plaintiff Bueno in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bueno respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bueno and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bueno and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Bueno's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Bueno and the FLSA Class members;

(f)     Awarding Plaintiff Bueno and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Bueno and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bueno;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bueno;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Bueno;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Bueno's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Bueno;

(m)     Awarding Plaintiff Bueno damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Bueno damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Bueno liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Bueno and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Bueno and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Bueno demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

      February 28, 2022

                              CSM LEGAL, P.C

                    By:     /s/ Catalina Sojo, Esq.
                              Catalina Sojo [CS-5779517]
                              60 East 42nd Street, Suite 4510
                              New York, New York 10165
                              Telephone: (212) 317-1200
                              Facsimile: (212) 317-1620
                              *Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 2, 2022

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Alexander Francisco Bueno

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:   *[signature]*

Date / Fecha:   2 de febrero 2022

*Certified as a minority-owned business in the State of New York*